AYRES, Judge.
This is an action for a change in the custody of two minor children, Terry Eugene Lovelace, born on September 3, 1959, and Sherry Laverne Lovelace, born on January 17, 1963, of the marriage of plaintiff and defendant, and for an award of support for the minors.
Upon the institution of this action an attorney at law was appointed to represent the defendant, a nonresident of this State who resides in Lubbock, Texas.
The trial court concluded after trial that, on account of a change in conditions, the custody of the children should be awarded the mother. Moreover, the court found in effect that defendant personally submitted himself to the jurisdiction of the court with respect to the claims of support for the minors. The mother was accordingly granted custody of the children, who were then living with her at her residence in the City of Shreveport. She was awarded support for the minors in the sum of $75 *12 per month for each, which sums the defendant was ordered to pay on the first of each month beginning August 1, 1974. From the judgment thus rendered and signed, the attorney appointed to represent the absentee defendant appealed.
Notwithstanding there was evidence introduced indicative that the appointed attorney was personally engaged by defendant to represent him in this cause, the attorney insisted his appearances were only by virtue of his appointment by the court.
The record reveals that following plaintiff’s and defendant’s separation in Lubbock, Texas, she returned to Shreveport, Louisiana, where for a brief period she lived with a sister. Thereafter, she lived with another sister in Houston, Texas. She was there hospitalized and underwent surgery on account of a serious illness. During that sojourn she was served with defendant’s demand and action for a divorce instituted in Lubbock, Texas. She executed waivers and made a formal appearance in accordance with the laws of that State. She was, however, neither financially nor physically able to defend herself in that action. ’ Judgment was rendered granting defendant a divorce and awarding him custody of the children.
Upon again returning to Shreveport, Louisiana, plaintiff secured employment, borrowed necessary funds, and instituted the present action based on the fact subsequently learned by her that defendant, the father of the two minors, who had been granted their custody in the Texas divorce decree, was living in open concubinage with a young woman named Judy En-gle. The trial court found it to be a fact that the defendant was living in concubinage with the young woman in the house where he and the two minor children lived. That fact abundantly appears from the testimony of the two children who were, at the time of trial, of the approximate ages of 14 and 11 years, respectively. The testimony of defendant’s mother tends to support the evidence given by the minors. The court held that this conduct warranted a change in the custody of the children. We likewise so conclude.
The court further concluded, as already noted, that defendant employed the attorney appointed by the court as his own attorney and that, therefore, through him defendant personally appeared in the trial court and thereby submitted himself to the jurisdiction of the court. This conclusion was based upon the testimony of Mrs. Doris B. Harvey, defendant’s mother, who, when questioned as to whether she knew her son was represented by an attorney, stated: “My son is represented by Mr. Soderman.” Thereupon she was asked, “Do you know for a fact whether or not your son has retained Mr. Soderman to represent him in these proceedings?” to which she answered, “I do. I saw him write the retainer check for the retainer fee.” And when asked, “So you know for a fact that your son has employed Mr. Soderman to represent him in these proceedings?” she answered, “Yes.”
In pleadings, including' an exception to the jurisdiction and answer, filed in the trial court and at the trial of the case, Soderman represented himself as appearing on behalf of the defendant solely in his capacity as attorney appointed by the court to represent the' absentee defendant. In brief and oral argument on appeal, the attorney maintains the same position and asks that, if there is any doubt as to this capacity, the case be remanded for the taking of further evidence on this issue.
It appears that the issue as to the nature of the attorney’s representation of the absentee defendant was not fully litigated in the trial court. The testimony of defendant’s mother, referred to above, was given under cross-examination near the conclusion of the trial. Although no evidence was offered to contradict her testimony, it is possible that the attorney was lulled into a belief that his capacity was not at issue by an earlier dialogue at the beginning of the trial. When plaintiff’s counsel in *13 quired as to the attorney’s status, the trial judge remarked that the pleadings spoke for themselves and that he would not require Soderman to say anything further.
The issue is a serious one, both as to the jurisdiction of the court to render a personal judgment against the defendant and as to the conduct of the attorney appointed to represent the absentee defendant.
LSA-C.C.P. Art. 5095 provides that an attorney at law appointed by the court to represent a defendant shall use reasonable diligence to inquire of the defendant and to determine from other available sources what defense, if any, the defendant may have and what evidence is available in support thereof. The article further provides that the attorney may except to the petition, shall file an answer, may plead any affirmative defense, may prosecute an appeal, and generally has the same duty, responsibility, and authority in defending the action or proceeding as if he had been retained as counsel for defendant.
Under the provisions of this article, the active defense of the case and the participation in the trial by Soderman is quite appropriate and consistent with his duty and responsibility as provided by law in his capacity as court-appointed attorney for the absentee defendant.
LSA-C.C.P. Art. 5096 provides that if the attorney so appointed is retained as counsel for the defendant the attorney shall immediately advise the court and opposing counsel of such employment. LSA-C.C.P. Art. 5098 provides that for a willful violation of any of the preceding articles, an attorney at law subjects himself to punishment for contempt of court and such further disciplinary action as provided by law.
The issue was not fully litigated in the trial court. The evidence as to the attorney’s representation of the defendant is inconclusive. The issue is subject to more definite proof. For these reasons, we conclude it is in the interest of justice that the case be remanded for the taking of such further evidence as the interested parties may wish to present on the issue of whether or not the attorney appointed to represent the absentee defendant was retained as counsel for the defendant.
For the reasons assigned, the judgment awarding plaintiff, Mrs. Blanche Laverne Cannon Lovelace, the care, control, and custody of the minors, Terry Eugene Lovelace and Sherry Laverne Lovelace, is affirmed; and that part of the judgment condemning the defendant to pay support is set aside; and the cause is remanded to the trial court, the First Judicial District Court in and for Caddo Parish, Louisiana, for further proof of defendant’s employment of the court-appointed attorney as his own attorney and that, through the appearances made by the attorney, defendant submitted himself to the jurisdiction of the court.
Affirmed in part, reversed in part, and remanded.